# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**JONATHAN TAYLOR,**
**Claimant Below, Petitioner**

**FILED**

June 24, 2016
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)    No. 15-0763** (BOR Appeal No. 2050106)
           (Claim No. 2014000119)

**NGK SPARK PLUGS,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Jonathan Taylor, by Patrick K. Maroney, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. NGK Spark Plugs, by H. Dill Battle III, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated July 8, 2015, in which the Board affirmed a December 10, 2014, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's December 24, 2013, decision which denied a request for additional medical treatment, including a neurosurgical consultation. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Taylor, a production associate, was injured in the course of his employment on June 7, 2013, when a coworker jumped on his back. A June 24, 2013, treatment note from CAMC Family Medicine Center indicates Mr. Taylor had worsening lower back pain that radiated into his right calf. He was diagnosed with right lower back pain. A lumbar x-ray showed mild degenerative changes in the lower thoracic spine without acute osseous. The claims administrator held the claim compensable for lumbar sprain/strain on July 15, 2013.

1

Mr. Taylor received treatment from CAMC Family Medicine Center from July 17, 2013, through August 14, 2013, for middle and lower back pain that radiated into his thighs. He was diagnosed with lower back pain and acute back strain. Medications were provided and physical therapy was recommended. Treatment notes by Julia Ellison, D.O., from November 3, 2013, through December 28, 2013, indicate an x-ray revealed degenerative changes in the lumbar spine. Dr. Ellison diagnosed Mr. Taylor with back pain, radiculopathy, and sciatica. She noted a disc bulge and pain that was increased with physical therapy. It was noted that Mr. Taylor refused further physical therapy due to pain. An MRI taken on November 21, 2013, revealed a disc bulge at L4-5 with mild central canal and bilateral foraminal stenosis. There was also a disc protrusion at L5-S1. Dr. Ellison made a referral for a neurosurgical consultation. The claims administrator denied a request for additional medical treatment, including a neurosurgical consultation, on December 24, 2013.

On December 18, 2013, Paul Bachwitt, M.D., performed an independent medical evaluation in which he diagnosed lumbar sprain/strain and listed Mr. Taylor's progress as excellent. He stated that Mr. Taylor could continue to work full duty with no restrictions. He opined that his current symptoms were not causally related to the compensable injury. Dr. Bachwitt found no evidence of localized lumbar radiculopathy or an operative disc lesion. There was no weakness or reflex changes on examination. He asserted that there was no indication for a neurosurgical condition. On June 3, 2014, he performed a second evaluation in which he again diagnosed lumbar sprain/strain and reiterated his opinion that Mr. Taylor does not require a neurosurgical consultation for his compensable lumbar sprain/strain. Dr. Bachwitt stated that Mr. Taylor had reached maximum medical improvement and assessed 5% impairment.

The Office of Judges affirmed the claims administrator's decision in its December 10, 2014, Order. It found that the request for a neurosurgical consultation was based upon Mr. Taylor's complaints of lumbar radiculopathy. It was determined, however, that the claim is compensable only for lumbar sprain/strain, and there is no medical evidence to show that a neurosurgical consultation is necessary to treat the compensable condition. The Office of Judges further found that Dr. Bachwitt performed two independent medical evaluations and concluded on both occasions that a neurosurgical consultation was not required as Mr. Taylor has no objective findings of a neurological condition or an operative disc lesion. The Office of Judges therefore concluded that Mr. Taylor failed to show that a neurosurgical evaluation is medically related or reasonably required for the treatment of his compensable lumbar sprain/strain. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on July 8, 2015.

After review, we agree with the reasoning of the Office of Judges and conclusions of the Board of Review. Mr. Taylor sustained a lumbar sprain/strain in the course of his employment. His claim has not been held compensable for any additional conditions. Dr. Bachwitt found that the requested neurosurgical consultation is not necessary to treat the compensable sprain/strain, and his opinion is supported by the evidence of record.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous

2

conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: June 24, 2016**


**CONCURRED IN BY:**
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II

**DISSENTING:**
Chief Justice Menis E. Ketchum